## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

ALBERT JOINER, JR.                                                    PETITIONER

v.                                                    No. 3:11CV119-MPM-JMV

STATE OF MISSISSIPPI, ET AL.                                         RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Albert Joiner, Jr. for a writ of *habeas* corpus under 28 U.S.C. § 2254. The State has responded to the petition, and Joiner has filed a traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Albert Joiner, Jr. is an inmate in the custody of the Mississippi Department of Corrections and is currently housed at the Holmes-Humphrey County Regional Correctional Facility. On July 3, 2007, in Lafayette County, Mississippi, Joiner, was arrested for fleeing an investigative police stop and for being a felon in possession of a deadly weapon (a butcher knife) in his car. As a result of that incident, Joiner was charged in a two-count indictment, alleging: Count I "Felony Flight," and Count II, "Felon in Possession of a Deadly Weapon." Count II listed five felonies for which Joiner had been previously convicted – to show that Joiner was a convicted felon. Count I of the indictment made no reference to Joiner's prior convictions. Neither Count I nor Count II alleged that Joiner was a habitual offender.

At that time, Joiner had a separate pending indictment for armed robbery as a habitual offender under Miss. Code Ann. § 99-19-83 – an enhancement mandating a sentence of life without parole. (*Id.*, p. 29). Joiner's counsel negotiated an agreement with the State that included dismissal of Count II in the second indictment (felon-in-possession of a deadly weapon) and a reduction of his

armed-robbery charge to strong-armed robbery – if Joiner pled guilty to felony flight and strong-armed robbery under the lesser habitual offender statute (Miss. Code Ann. § 99-19-81). The lesser habitual offender statute, Miss. Code Ann. § 99-19-81, reads:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

On October 18, 2007, in accordance with the agreement, Joiner pled guilty in the Lafayette County Circuit Court to felony fleeing from a law enforcement officer and strong-armed robbery. The court accepted Joiner's guilty plea as a lesser habitual offender under Miss. Code Ann. § 99-19-81 and sentenced him to four years for felony flight and fifteen years for strong-armed robbery to be served consecutively – a total of nineteen years without the possibility of early release, probation, or parole. The indictment in Joiner's case was not, however, amended to include the enhancement under Miss. Code Ann. § 99-19-81.

Following his guilty plea and sentence, Joiner filed a motion for post-conviction collateral relief in the Lafayette County Circuit Court, seeking to set aside the habitual offender portion of his sentence (as stated by Joiner *pro se*):

> The court erred in convicting and sentencing Petitioner as a habitual offender, upon his plea of guilty to count one of indictment charging him with the crime of felony flight, wherein count one of indictment fails to charge him as a habitual offender, nor was a proper bifurcated habitual offender sentencing hearing conducted by the court. Neither was the indictment amended to charge Petitioner as a habitual offender.

S.C.R., Vol. 1, pg. 27. Joiner then amended this petition to include a claim for ineffective assistance of counsel alleging:

Counsel failed to object to the Court conducting a sentencing hearing on Petitioner under the habitual offender statute, 99-19-81, in which he was not indicted for, and, finding him guilty and sentencing him as a habitual offender without sufficient evidence being presented to the Court by the State proving Petitioner met the qualifications to be sentenced as a habitual offender.

S.C.R., Vol. 1, pg. 32.

The trial court denied Joiner's petition and amended petition for post-conviction relief, and Joiner appealed that decision to the Mississippi Supreme Court, raising the following grounds for relief (as stated by Joiner through counsel):

I.      Whether Albert Joiner, Jr. was properly charged under Mississippi's habitual offender statute.

II.     Whether Albert Joiner, Jr. was properly sentenced under Mississippi's habitual offender statute.

III.    Whether Albert Joiner, Jr. was denied effective assistance of counsel.

The Mississippi Court of Appeals affirmed the trial court's decision. *Joiner v. State*, 61 So. 3d 171 (Miss. Ct. App. 2010), *reh'g* denied August 31, 2010 (Cause No. 2009-CA-00222-COA). Joiner then filed a petition for writ of *certiorari*, arguing the same issues in the trial court and Court of Appeals. The Mississippi Supreme Court granted *certiorari* and affirmed. *Joiner v. State*, 61 So. 3d 156 (Miss. 2011).

Joiner then filed the instant federal petition for a writ of *habeas corpus*, raising the following grounds for relief (restated by the court for the sake of brevity and clarity):

**Ground One.**  Failure to amend indictment:

A.      The court erred in finding and sentencing Petitioner to four (4) years as a habitual offender without a properly charged indictment.

**Ground Two.**  Failure to provide support for amendment of indictment:

A.      The court erred in finding and sentencing Petitioner to four (4) years as a

habitual offender without properly submitted proof from the State that Petitioner was at the least a twice convicted felon sentenced to a year or more in a state for federal prison.

**Ground Three.** Ineffective assistance of counsel:

A. Failing to object to court's finding and sentencing Petitioner as a habitual offender without a proper indictment.

B. Failing to object to the court's finding and sentencing as a habitual offender without sufficient proof of Petitioner's prior felony convictions in cause no. LK2007-399, Count I of Indictment "Felony Fleeing".

Joiner has exhausted his state court remedies as to the issues raised in the instant petition.

## Grounds One and Two: Sentencing as a Habitual Offender
## in the Absence of that Charge in the Indictment

Federal *habeas corpus* relief is only available when a conviction has been obtained in violation of a federal constitutionally protected right. *Smith v. Phillips*, 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac*, 465 U.S. 107, 121, and n.21, 102 S. Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982). Thus an "alleged violation of state rules, without more, is not a cognizable ground for *habeas corpus* relief." *Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted). When a federal court reviews state court evidentiary rulings on a petition for a writ of *habeas corpus*, it will grant relief only if the state court error is sufficiently egregious to render the entire trial fundamentally unfair. *Dillard v. Blackburn,* 780 F.2d 509, 513 (5th Cir. 1986) (citation omitted).

The Court of Appeals and the Mississippi Supreme Court considered Joiner's claim that he was not put on notice regarding his sentencing as a habitual offender. Both courts found that even though the indictment against him was not properly amended to reflect the lesser habitual offender charge (as required under Uniform Rules of Circuit and County Court 7.09 and 11.03) his claims did not merit post-conviction collateral relief. The Court of Appeals held:

Joiner is correct that the plea petition does not list his prior felony convictions. However, Joiner voluntarily pleaded guilty to a reduced charge of "felony fleeing lesser habitual." He was originally charged as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007). During the plea colloquy, the trial judge explained to Joiner that he would be sentenced as a lesser-habitual offender, which meant that Joiner would serve his nineteen-year sentence "day-for-day" without eligibility for parole or probation rather than life without eligibility for parole or probation under section 99-19-81. Joiner does not deny that he has five prior felonies. Because the reduced sentence was part of Joiner's plea bargain, we find that the record shows that Joiner was aware of his eligibility for sentencing as a habitual offender.

*Joiner*, 61 So. 3d 171, 172-3.

Likewise, the Mississippi Supreme Court found that the testimony from Joiner's plea colloquy evidenced his knowing and voluntary guilty plea to a reduced charge of "felony fleeing lesser-habitual," holding that the plea "waived the failure of the indictment to include defendant's status as a habitual offender." *Joiner*, 61 So. 3d 156, 158. The Mississippi Supreme Court held:

It is well-settled that a knowing and voluntary guilty plea waives certain constitutional rights, among them the privilege against self-incrimination, the right to confront and cross-examine the State's witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt. *Jefferson v. State,* 556 So.2d 1016, 1019 (Miss.1989) (citations omitted). And beyond the constitutional rights that may be waived, "the law is settled that *with only two exceptions,* the entry of a knowing and voluntary guilty plea waives *all other defects or insufficiencies* in the indictment." *Conerly v. State,* 607 So.2d 1153, 1156 (Miss.1992) (citation omitted) (emphasis added). A guilty plea does not waive an indictment's failure to charge an essential element of the crime, and it does not waive lack of subject matter jurisdiction, but neither of these exceptions is at issue here.

*Id*.

Joiner testified that he was aware he was pleading guilty to strong armed robbery and felony fleeing "as a lesser habitual offender." S.C.R., Supp. Vol.1, pg. 5. He also acknowledged that he knew such a plea would result in a sentence to be served day for day. S.C.R., Supp. Vol.1, pg. 10. In addition, Joiner responded in the affirmative when asked:

> You already qualify as a habitual offender, and you will continue to qualify as a habitual offender. Once you get out of the penitentiary, any other felony you're charged with, you can take these charges as well as your other prior felonies, and use them against you to make your punishment worse, to enhance it. Do you understand what I'm telling you?

S.C.R., Supp. Vol.1, pg. 11.

The Mississippi Supreme Court found that Joiner knowingly and voluntarily waived his right to be separately indicted as a habitual offender under Count I, "Felony Fleeing." As the state Supreme Court has already ruled on this issue of state law, this court cannot review it. Further, Joiner has not shown that failure to include the habitual offender charge in the indictment rose to the level of a violation of federal law. Therefore, Joiner's claims under Grounds One and Two simply challenge the application of the habitual offender statute under Miss. Code Ann. § 99-19-81. These claims are solely issues of state law and do not present cognizable grounds for federal *habeas corpus* relief. As such, they will be denied.

### Grounds Reviewed on the Merits in State Court

The Mississippi Court of Appeals considered the merits of Joiner's allegation in Ground Three of ineffective assistance of counsel and found that Joiner's attorney was not constitutionally deficient. As such, under the Antiterrorism and Effective Death Penalty Act 1996, 28 U.S.C. § 2254(d), a claim previously decided on the merits is barred from *habeas corpus* review by unless it meets one of two exceptions:

> (d) an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

The first exception, subsection (d)(1), applies to questions of law or to mixed questions of law and fact. *Morris v. Cain*, 186 F. 3d. 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F. 3d 54, 57 (5th Cir. 1997). Since Joiner's claims challenge both the application of law and the finding of fact, the court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to the facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. Joiner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any grounds for relief in the instant petition for a writ of *habeas corpus*.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if the facts to which the state Supreme Court applied the law were determined unreasonably in light of the evidence presented. Because the state Supreme Court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller*

*v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).

**Ground Three: Ineffective Assistance of Counsel**

In Ground Three Joiner argues that his attorney was ineffective for failing to challenge his sentence as a habitual offender under Miss. Code Ann. § 99-19-81 in the absence of proof showing: (1) that he had previously been convicted of two felonies, and (2) that he had been sentenced to a year or more in a state or Federal Penal Institution for each of them. To merit *habeas corpus* relief on a claim of ineffective assistance of counsel, Joiner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 688 (1984). Under this test, Joiner must show that counsel's performance was deficient – and that Joiner was prejudiced as a result of that deficiency. Under the deficiency prong of the test, Joiner must show that counsel made errors so serious that they were not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. To prove prejudice, Joiner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 504 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). In addition, the court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Joiner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of criminal proceeding if the error had no effect on the judgment. *Smith v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986).

Joiner's attorney persuaded the State to reduce his armed robbery charge to strong-armed robbery and to dismiss Count II of the second indictment. As a result of this negotiation, Joiner no longer faced spending the rest of his natural life in prison (under Miss. Code Ann. § 99-19-83); instead, he would face only 19 years' incarceration (under Miss. Code Ann. § 99-19-81). Thus, through his attorney's efforts, Joiner faced a substantially more lenient sentence, but to do so, he had to plead guilty to lesser offenses – including the lesser habitual offender statute – § 99-19-81. Joiner now argues that his attorney failed to object when the State did not amend the indictment to reflect the terms of his plea agreement.

In this case, Joiner has identified an oversight in the administration of his case (failure to amend the indictment to reflect the plea agreement) and used it in an effort to overturn his conviction. Though it is always better to have the indictment in its final form match the offense to which a defendant ultimately pleads, Joiner suffered no harm from that oversight in this case. First, as stated above, Joiner's attorney negotiated an extremely favorable agreement with the State – but forgot to seek amendment of the indictment to conform to the agreement. Joiner argues that counsel should have objected to the failure of the State to so amend the indictment. Joiner does not, however, say how such an objection would have helped him in this case. Counsel could have objected and demanded an amendment to the indictment, in which case the State would have moved for one, and the court would have granted the motion under Uniform Rule of Circuit and County Court 7.09. In that case, Joiner's plea agreement would still be in effect, but with a proper indictment to support it. Joiner would, however, be facing the same 19-year sentence he does now.

If, however, neither Joiner nor the State could come to an agreement to amend the indictment, then Joiner could have rejected the plea agreement and moved to trial – where he would have faced

incarceration for life without the possibility of parole.  Such a demand would have been completely at odds with the plea agreement Joiner signed – and would have exposed him to the full penalty of the greater habitual offender law.  Thus, whether Joiner's counsel sought an amended indictment or not, Joiner faced at least a 19-year sentence.

On this point, the Court of Appeals held:

> Also, we note that Joiner was originally indicted for felony fleeing, armed robbery, and possession of a deadly weapon by a felon; and he faced a possible life sentence as a habitual offender. His attorney negotiated a deal wherein the armed-robbery charge was reduced to strong armed robbery, and the charge of felon in possession of a deadly weapon was dismissed. His attorney also negotiated a reduced sentence of nineteen years as a habitual offender under section 99–19–81 rather than a life sentence as a habitual offender under section 99–19–83.

*Joiner v. State*, 61 So. 3d 171, 173 (Miss. Ct. App. 2010) aff'd, 61 So. 3d 156 (Miss. 2011).

Finally, Joiner testified during his plea colloquy that his attorney had properly advised him of the charges and sentences and that he was satisfied with his attorney's representation. *Joiner v. State*, 61 So. 3d 171, 173 (Miss. Ct. App. 2010) aff'd, 61 So. 3d 156 (Miss. 2011).  For all of these reasons, it is clear that Mr. Joiner knew he was being sentenced as a habitual offender under Miss. Code Ann. § 99-19-81.

It is not clear to the court why Mr. Joiner seeks *habeas corpus* relief in the instant case.  It does not appear that Joiner has considered the sequence of events that would follow should the present petition for a writ of *habeas corpus* be granted.  If Joiner were to prevail in the instant case, then the case would return to the state court – in a posture just prior to Joiner's plea agreement.  Joiner would then be facing *all* the charges the State brought – including the *greater* habitual offender statute – Miss. Code Ann. § 99-19-83. Thus, a victory in the present case would – again – expose Joiner to the chance of life in prison without the possibility of parole

In any event, Joiner has not shown that his attorney's performance was deficient – or that he suffered prejudice to his legal position due to his attorney's actions. As such, Joiner has not proved that counsel rendered ineffective assistance in defending him, and his claims in Ground Three of the instant petition for a writ of *habeas corpus* should be denied. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## Conclusion

In sum, for the reasons set forth above, the instant petition for a writ of *habeas corpus* is without merit and will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of August, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**